## CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW NOT SHOWN.

Court of Appeals for Hamilton County.

OWEN W. GRUBBS v. CINCINNATI, LAWRENCEBURG & AURORA
ELECTRIC STREET RAILROAD COMPANY.

Decided, July 19, 1913.

*Negligence—Passenger Injured in Alighting from Car in Motion— Testimony at Former Trial so Explained as to Render Arrest of Case from Jury Erroneous.*

It can not be said as a matter of law that one who left his seat in an electric car and was about to step off the last step when he saw a signal given for the car to come forward, was guilty of contributory negligence in not abandoning his purpose to alight.

*George B. Goodhart, C. B. Matthews* and *James B. Swing,* for plaintiff in error.
*Stanley Shaffer,* contra.

JONES, E. H., J.; SWING, J., and JONES, O. B., J., concur.

The plaintiff in error, Owen W. Grubbs, filed his petition in the common pleas court praying damages against the defendant for personal injuries sustained by him while alighting from one of defendant's interurban cars. The negligence complained of was the sudden jerking or starting of the car while he was in the act of stepping to the ground from the rear platform.

Upon the first trial of the case in the court below the plaintiff recovered judgment in a substantial sum, which judgment was reversed by this court for lack of sufficient evidence to sustain it and the cause was remanded for a new trial. This court in its former opinion found that the plaintiff was negligent in attempting to leave the car while it was in motion and at a time when, according to his own evidence, he had warning that the speed of the car was likely to be accelerated at any moment. The finding of this court at that time was based upon the evidence of the plaintiff, which was quoted in the court's opinion as follows:

"Q. And you saw him there (the conductor) when you
started to leave the car; is that it? A. Yes, sir.

"Q. And you saw him or somebody there waving a lantern?
A. Yes, sir.

"Q. For the car to go ahead? A. Well, I suppose it was
to go ahead."

The theory upon which the former judgment was reversed,
therefore, was that plaintiff had testified that when he left his
seat upon the inside of the car he saw the conductor ahead
waving his lantern as a signal for the car to advance.

At the second trial of the case in the court of common pleas,
which is now under review, plaintiff explained this evidence, and
stated that it was when he was on the rear platform and about
to leave the same that he first saw the lantern and the signal
therefrom for the car to advance.

We quote from the bill of exceptions as follows:

"Q. Can you say where you were when you first saw this
lantern? A. Well I was stepping down, or on the last step to
leave the car.

"Q. Was it after you turned to leave the car? A. Yes sir.
I didn't notice the motion of the car until I got on the lower
step and saw the shadows slightly moving—the shadows from
the windows."

And again:

"Q. What were you doing when you saw that lantern
waving? A. I was on the last step or the next to the last step.

"Q. Going forward? A. Going forward, yes, sir.

"Q. Was there a lurch then and a sudden starting of the car?
A. There was."

The court below in the second trial directed a verdict in favor
of the defendant, and did so upon the theory that the evidence
was the same as at the former trial and that following the de-
cision of the circuit court the plaintiff as a matter of law could
not recover.

We think the court was in error in proceeding upon this theory.
The explanation given by the plaintiff of his former evidence
and the circumstances as related by him in the second trial make

a case that should have been submitted to the jury.   The construction placed upon his testimony as first given was a reasonable and proper one, and when so construed the evidence was such as would bar recovery on the ground of contributory negligence.   But he now says that what he meant by the words "when I started to leave the car" was not when he left his seat within the car, but when he was about to step off the car. Under the state of facts as he now gives them we can not say as a matter of law that he did not act as a person of ordinary prudence would have acted under the circumstances.   It appears to us that this is a question upon which reasonable minds might differ, and is therefore one to be determined by a jury.

The judgment of the court below will therefore be reversed and the cause remanded for a new trial.

## APPROPRIATION OF PROPERTY FOR A NEW STREET.

Circuit Court of Cuyahoga County.

DAVID MORISON ET AL V. THE CITY OF CLEVELAND.

Decided, May 15, 1911.

*Municipal Corporations—Opening of New Street Incident to Elimination of Grade Crossing, When—Appropriation of Property for Street— Evidence as to Values.*

1.  Speculative possibilities are not an element of value of property appropriated.

2.  The opening of a new street from a railroad depot to a street crossing at a higher level so relates itself as incident to the main object of eliminating a grade crossing, as to warrant the exercise by a municipality of its power of eminent domain in that behalf.

3.  While it is not improper in an appropriation case upon crossexamination of a witness who has on direct examination given his opinion of the value of land sought to be appropriated to inquire of him concerning the sales of adjacent lands, for the purpose of testing his knowledge and competency, it is not ordinarily permissible to incorporate into such inquiries a statement or assumption that such sales at prices named have in fact occurred.