Metcalfe, J.
The defendant in error, M. Pollock, brought this action to recover of the plaintiff in error upon a promissory note executed January IS, 1917.
The defendant, Laura Goddard, filed an answer in which she avers that she signed the note without any consideration, and as surety only, and she then pleads as a set-off an indebtedness in favor of the defendant, Jay C. Goddard, against Pollock, the plaintiff and holder of the note.
*2 A demurrer was filed to the answer, which was sustained by the court of common pleas, and the parties not desiring to further plead judgment was entered in favor of the plaintiff on this note.
The question here is: Can the defendant, Laura [Goddard, plead the fact of her suretyship, and the existence of a set-off in favor of the principal debtor, against the holder of the note? The solution of this question depends upon the construction to be given to Sections 8224 and 8296, General Code, which are included in what is known as “The Negotiable Instrument Act.”
'In the first place it is urged that by 'the act of ■signing her name upon the face of the instrument Laura C. Goddard became primarily liable on the note, and we think this contention is correct. Section 8296 provides:
“The person ‘primarily liable’ on an instrument is the person who by its terms is absolutely required to pay it. All other parties are ‘secondarily liable.’ ”
The note in suit is an absolute, unconditional promise to pay, and both the parties are, by the terms of the instrument, absolutely required to pay it, and hence it follows that they are both primarily liable, but we do not think that that fact determines the question whether or not she may plead a set-off existing in favor of the principal debtor. The fact that he is principal debtor and she is surety is admitted by the demurrer, but the question whether she is principal or surety does not affect the question of primary liability.
*3 It is further claimed that by the terms of Section 8224 Mrs. Goddard could not plead the fact, that she was a surety on the note, nor plead a set-off existing in favor of the principal debtor, and that the discharge of the note could not be effected by offsetting an indebtedness in favor of the principal debtor.
Section 8224 provides that a negotiable instrument is discharged:
“1. By payment in due course by or on behalf of the principal debtor.
“2. By payment in due course by the party accommodated, when the instrument is made or accepted for accommodation.
“3. By its intentional cancellation by the holder.
“4. By any other act which will discharge a simple contract for the payment of money.
“5. When the principal debtor becomes the holder of the instrument at or after maturity in his own right.”
This section distinctly recognizes the fact that there may be a principal debtor, and if there is a principal debtor there must also be a debtor who is not a principal debtor. If the debtor who is not the principal debtor is a surety, that fact can only be ascertained judicially by pleading it. It would certainly be competent for the surety to plead any of the things mentioned in the section and to plead them for his own benefit.
We think the controlling part of this Section 8224, so far as this case is concerned, is subdivision 4: “By any other act which will discharge a simple contract for the payment of money.”
*4 - The judicial determination of the fact that the maker of the note is the owner of a claim against the holder which may be legally offset against the plaintiff’s claim is an act which will discharge the contract for the payment of money. We see nothing in this section which takes away from the debtor or debtors on a promissory note any right of set-off which existed before the passage of “The Negotiable Instrument Act,” and the right of the surety to plead a set-off having existed before the passage of the act is not taken away by that act.
It is urged that the case of Richards v. The Market Exchange Bank Co., 81 Ohio St., 348, determines the question adversely to this holding. We were inclined to think so at' first, but a study of that case leads us to the conclusion that the two cases are easily distinguishable. The first proposition of the syllabus in Richards v. Bank Co. is:
“One who signs a promissory note on the face thereof, and who in that way becomes a surety for the principal maker, is, by force of Section 3178a, Revised Statutes, primarily liable for the payment of such note.”
Section 3178a, Revised Statutes, is now Section 8296, General Code.
The second proposition of the syllabus in Richards v. Bank Co. reads:
“Section 3175j, Revised Statutes [Section 8224, General Code], relating to the discharge of negotiable instruments, provides in what manner, and for what causes, such instruments may be dis *5 charged, and, by force of the rule expressio unius est exclusio alterius, sureties upon such instruments who are primarily liable thereon can not be otherwise relieved from responsibility for their payment.”
That is to say, the surety upon a promissory note who is primarily liable thereon can only be relieved from its payment by force of the language of Section 8224.
The question which was before the court for determination in the above cause was whether or not a contract made by the principal debtor with the holder of the note for an extension of time of payment to a particular time discharged the surety. That it so did was undoubtedly the rule before the passage of Section 8224.
The supreme court held that such a contract is not within the provision of the statute, and, therefore, that the rule that a contract to extend the payment of the note for >a definite period would relieve the surety is no longer in force in Ohio.
In that case it was sought by an act of the parties not comprehended in the language of the statute to discharge the contract in question, and the court held it could no longer be done that way; but we think that the language of Subdivision 4, before cited, saves the right to defendant to plead a set-off. To hold otherwise would be to say that the legislature intended to take 'away from the maker of a promissory note the right to plead an indebtedness existing in his favor against the holder of the note. We do not think that was the intention of the statute.
*6 It is claimed, also, that the language of the note itself precludes the defendant from pleading a set-off or counterclaim- '
To put upon The language of the note the construction claimed for it by the defendant in error would be to say that the -defendant below had given up her right to pl-ead counterclaim or set-off, without consideration, and that the language was in fact a guaranty that she had no such claim.' -
We do not think the language bears that construction, and, if it did, it would -certainly be doubtful whether a party could give away without -consideration a right to set up a legal defense in an action upon a promissory note. We think the demurrer in this case should have been overruled, and the judgment of the common pleas court in sustaining it is reversed.

Judgment reversed.

Pollock and Farr, JJ., concur.