McGOWAN ET AL. *v.* COSMOPOLITAN BANK & TRUST CO.

(Decided April 16, 1929.)

*Mr. Jos. B. Kelley* and *Mr. Otto Pfleger,* for plaintiffs in error.

*Messrs. Nichols, Morrill, Wood, Marx & Ginter,* for defendant in error.

HAMILTON, J. The Cosmopolitan Bank & Trust Company, defendant in error here, brought suit in the court of common pleas against Robert B. McGowan and Carolina McGowan, plaintiffs in error

here, on a promissory note. On the face of the note, the names of Robert B. McGowan and Carolina McGowan appeared as joint makers.

The defendants, plaintiffs in error here, set up the defense, and sought to show by oral evidence, that Carolina McGowan was simply an accommodation maker.

The defendants further sought to present a set-off against the note by which it was claimed that the bank was indebted to Robert McGowan on a claim for services rendered to the plaintiff bank.

At the trial of the case the court refused to admit evidence of the relation of Carolina McGowan to the note and refused to admit evidence of the set-off, or the counterclaim, as designated by counsel. This being the only defense to the note, and no further evidence being offered or tendered, the trial court rendered judgment on the note in favor of the plaintiff bank. Thereupon, the defendants below prosecuted error to this court, claiming error on the part of the court in refusing to admit oral evidence to show the relationship of the parties to the note, and error in the refusal to admit evidence of the counterclaim or set-off of Robert B. McGowan.

In the case of *Richards* v. *Market Exchange Bank Co.*, 81 Ohio St., 348, 90 N. E., 1000, 26 L. R. A. (N. S.), 99, the Supreme Court construed the Negotiable Instruments Act. The first and second paragraphs of the syllabus are as follows:

"1. One who signs a promissory note on the face thereof, and, who in that way becomes a surety for the principal maker, is, by force of Section 3178a, Revised Statutes, primarily liable for the payment of such note.

"2. Section 3175j, Revised Statutes, relating to the discharge of negotiable instruments, provides in what manner, and for what causes, such instruments may be discharged, and, by force of the rule *expressio unius est exclusio alterius,* sureties upon such instruments who are primarily liable thereon cannot be otherwise relieved from responsibility for their payment."

In the course of the opinion in the *Richards case,* the court practically passed upon all the Code in its relation to promissory notes and the rights of the parties concerning the same.

Without attempting to analyze the case, our conclusion is that under the facts and the law as presented in the case of *Richards* v. *Bank, supra,* the trial court was correct in excluding the evidence, and that the judgment of the court of common pleas is correct.

We further find this judgment to be in conflict with a judgment of the Court of Appeals for Ashtabula county, in the case of *Goddard* v. *Pollock,* 10 Ohio App., 1. We will therefore certify the case to the Supreme Court for review.

*Judgment affirmed.*

CUSHING, P. J., and ROSS, J., concur.