858 F.2d 648
 Fed. Sec. L. Rep. P 94,082, 12 Fed.R.Serv.3d 457
 Humberto SUAREZ-VALDEZ, Acerus Suarez, S.A., a Panamanian
corporation, Plaintiffs-Appellees,
v.
SHEARSON LEHMAN/AMERICAN EXPRESS, INC., a Delaware
corporation, Alejandro Lacayo, Defendants-Appellants.
 No. 87-5712.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 4, 1988.
 
 1
 Curtis Carlson, Fowler, White, Burnett, Hurley, Banick & Strickfoot, P.A., Kathy M. Klock, Miami, Fla., for defendants-appellants.
 
 
 2
 Katz, Barron, Souitero, Linden & Faust, Robert Grady, Miami, Fla., for plaintiffs-appellees.
 
 
 3
 Appeal from the United States District Court for the Southern District of Florida.
 
 
 4
 Before TJOFLAT and HILL, Circuit Judges, and HALL*, District Judge.
 
 BY THE COURT:
 
 5
 The mandate in this case has been withheld. The court on its own motion reconsiders the opinion and judgment dated 5/23/88, found at 845 F.2d 950. The same is withdrawn and the following substituted therefor.
 
 
 6
 Pursuant to Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) and Shearson/American Exp., Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), the defendants moved the district court to stay this action pending the arbitration required by the parties' agreements. While the district court did stay the trial pending arbitration, it did not stay proceedings. The district judge ordered that discovery would proceed under the Federal Rules of Civil Procedure. The defendants appealed the decision to allow discovery proceedings to continue.
 
 
 7
 We need not decide whether we can entertain this appeal under 28 U.S.C. Sec. 1291 (1982), as we may treat this appeal as a petition for a writ of mandamus. See, e.g., Piambino v. Bailey, 757 F.2d 1112, 1115 n. 2 (11th Cir.1985), cert. denied sub nom. Hoffman v. Sylva, 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986); Dobard v. Johnson, 749 F.2d 1503, 1508 (11th Cir.1985); Fernandez-Rogue v. Smith, 671 F.2d 426, 430-31 (11th Cir.1982); Huckeby v. Frozen Food Exp., 555 F.2d 542, 549 n. 14 (5th Cir.1977).
 
 
 8
 The district court erred in refusing to stay discovery. An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules.[1]
 
 
 9
 The stay entered for arbitration was correct. As to the provision requiring that the parties engage in--and submit to--discovery under the Federal Rules of Civil Procedure, the writ of mandamus is issued requiring that it be vacated.[2]
 
 TJOFLAT, Circuit Judge, concurring:
 
 10
 I write separately only to emphasize that by finding jurisdiction in this case we do not adopt a position that views mandamus as an alternate form of appeal. Mandamus is a proper method of review only in "extraordinary" situations, such as when the district court acts beyond the scope of its authority. The order of the district court allowing concurrent discovery falls within this extraordinary class of cases. By allowing arbitration, the trial court necessarily determined that the parties' contract mandated arbitration of disputes. This choice indicates the parties' preference for more informal, less expensive procedures. The trial court's order allowing continued discovery, however, would subject the parties to the very complexities, inconveniences and expenses of litigation that they determined to avoid.
 
 
 11
 The district court's order also would create practical difficulties. The parties to this action will almost certainly have squabbles over discovery. Since the judge will not be involved in the development of the issues as the case proceeds through the arbitration process, he will lack a basis upon which to make informed rulings on discovery matters. His only options would be to have the parties brief the development of the issues in arbitration or to discuss the current state of the dispute with the arbitrator. Such a litigation model is obviously both inefficient and a waste of judicial resources. The trial court therefore acted beyond its authority in allowing discovery to continue during the course of arbitration.
 
 
 12
 I fully agree with the court's position that distinguishes Gulfstream Aerospace Corp. v. Mayacamas Corp., --- U.S. ----, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). I would note in addition, however, that the Court's opinion in that case supports our position in this case. Specifically, the Court in Gulfstream noted that "[i]ssuance of a writ of mandamus will be appropriate in exceptional cases involving stay orders. This court has made clear, for example, that a stay order that deprives a party of the right to trial by jury is reversible by mandamus." Id., 108 S.Ct. at 1143 n. 13. The action of the district judge in allowing discovery and arbitration to continue concurrently presents such an exceptional case.
 
 
 
 *
 Honorable Robert H. Hall, U.S. District Judge for the Northern District of Georgia, sitting by designation
 
 
 [1]
 We need not decide whether a district court might order discovery to aid in arbitration where the court found some "special need" for the discovery. See Bigge Crane & Rigging Co. v. Docutel Corporation., 371 F.Supp. 240 (E.D.N.Y.1973); Ferro Union Corporation v. SS Ionic Coast, 43 F.R.D. 11 (S.D.Tex.1967). Conceivably such a rule risks a plunge into judicial control over arbitration. The issue is irrelevant in this case, however, because the plaintiffs never contended to the district court that they had such an unusual circumstance, and the district court made no such finding. To the extent that plaintiffs argued that federal interests in federal securities laws constituted some sort of special need, R1-50-6, their rationale was undermined by Shearson/American Exp., Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987)
 
 
 [2]
 We distinguish the case of Gulfstream Aerospace Corp. v. Mayacames Corp., --- U.S. ----, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). In Gulfstream, petitioner sought a stay or dismissal under Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Colorado River holds that a federal court may stay or dismiss an action because of the pendency of a concurrent state court proceeding only in "exceptional" circumstances, 424 U.S. at 818, 96 S.Ct. at 1246, and with "the clearest of justifications," 424 U.S. at 819, 96 S.Ct. at 1247. In Gulfstream, petitioner failed to show that the district court had overstepped its authority in holding that circumstances were not so exceptional as to warrant a stay or dismissal under Colorado River. Thus, petitioner failed to show that the district court's order denying the stay warranted issuance of mandamus. In determining what is "exceptional," the district court is given some discretion. However, in our case, the Supreme Court has held expressly that arbitration agreements should be enforced. Shearson/American Exp. Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). The district court has no discretion in determining which arbitration agreements should be enforced because the Supreme Court has said that all such agreements should be enforced. The district court's denial of the motion to stay federal proceedings pending arbitration is in direct contravention of this Supreme Court precedent and thus warrants issuance of mandamus