**CORPMAN, Lynn C. and Corpman, Catherine B.**

v.

**PRUDENTIAL–BACHE SECURITIES, INC., Appellant.**

No. 89–2042.

United States Court of Appeals, Third Circuit.

Argued May 30, 1990.

Decided June 28, 1990.

Daniel E. Bacine (argued), Barrack, Rodos & Bacine, Philadelphia, Pa., for appellant.

Kathie Shirk Gonick (argued), Shirk, Reist, Wagenseller & Shirk, Lancaster, Pa., for appellees.

Before HUTCHINSON, COWEN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

I.

This is an appeal by Lynn C. Corpman and Catherine B. Corpman ("the Corpmans"), two customers of Prudential–Bache Securities, Inc. ("Prudential"). On March 26, 1987 the Corpmans signed a "Joint Account Agreement" with Prudential for the purpose of investing their money in securities. The agreement contained an arbitration clause stating that all controversies that might arise between the parties concerning any transaction, or the construction, performance or breach of the agreement would be determined by arbitration.

On April 7, 1989, the Corpmans filed a complaint in the District Court for the Eastern District of Pennsylvania. The Corpmans alleged that Prudential recommended unsuitable securities to them and mismanaged their funds. On May 5, 1989, the parties filed a stipulation that extended Prudential's time to respond to the complaint to May 31, 1989. On May 31, Pru-

dential served the Corpmans with a motion to stay the district court proceedings pending arbitration, pursuant to section 3 of the Federal Arbitration Act.[1] Prudential filed the motion with the Clerk the following day. By order entered July 25, 1989, the district court directed the parties to complete discovery by November 30, 1989 and scheduled jury selection for December 5, 1989. By letter dated July 25, 1989, the Corpmans made an "informal" request for discovery. Prudential did not respond. On August 11, 1989, the Corpmans sent Prudential written interrogatories, a formal request for production and a request for admissions. That same day, August 11, the district court granted Prudential's motion and stayed all proceedings in district court pending arbitration.

The Corpmans submitted their claim to the National Association of Securities Dealers ("NASD") on September 27, 1989. On October 16, 1989, the Corpmans received a memorandum from the NASD stating their case would be decided in approximately twelve to fourteen months. That same day, the Corpmans requested that Prudential provide them with discovery in arbitration. Prudential did not respond.

On November 20, 1989, the district court phoned the parties' counsel regarding the status of the case. The district court expressed its concern that "the arbitration procedure envisioned by the securities industry is too slow" and stated its intention to reinstate the case on the district court's trial calendar. App. at 18–19. At Prudential's request, the district court conducted a conference on the record the following day. Each side was permitted to submit evidence and argue for or against the district court's proposal. On November 27, 1989 the district court entered an order vacating the stay and reinstating the case on its trial calendar. Prudential timely filed this ap-

peal. We have jurisdiction pursuant to 9 U.S.C. § 15(a)(1)(A) (1988), since the district court's order is in essence an order refusing to stay an action under section 3 of the Federal Arbitration Act, 9 U.S.C. § 3 (1988).

II.

The district court assumed it had the power to vacate the stay it had granted under section 3 of the Federal Arbitration Act, 9 U.S.C. § 3 (1988), if Prudential either sought the stay of legal proceedings in district court or conducted arbitration in bad faith. Neither the district court nor the Corpmans cite any authority for this proposition. Prudential vigorously contests its validity, arguing that under the Federal Arbitration Act the district court has no power to vacate a stay, even if one party seeks the stay or conducts arbitration in bad faith.

We resolve this appeal without deciding the issue of the authority of the district court to vacate the stay. We will assume, without deciding or expressing any opinion, that a district court has discretion, in certain circumstances, to vacate a stay under section 3 of the Federal Arbitration Act if a party acts in bad faith in seeking or conducting arbitration. Even assuming this to be the law, however, there is insufficient evidence to support the Corpmans' contention that Prudential in any manner conducted itself in bad faith. We therefore conclude that the district court abused its discretion in vacating the stay.

As evidence of bad faith, the Corpmans point to Prudential's failure to file an answer to their complaint. Prudential did not file an answer on May 31, 1989. The parties stipulated, however, that Prudential–Bache could "answer, plead or otherwise respond" by May 31, 1989. Although Prudential did not file an answer to the Corp-

---

1. Section 3 of the Federal Arbitration Act provides:

   If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default with such arbitration.

   9 U.S.C. § 3 (1988).

mans' complaint, it did serve the motion to stay that day and filed the motion one day later. This type of motion was clearly permissible under the stipulation. The fact that Prudential filed its motion one day late is not evidence of bad faith.

■ The Corpmans argue that Prudential proceeded to arbitrate in bad faith because they failed to respond to discovery requests (1) in the district court and (2) during the arbitration proceedings. The Corpmans made an "informal" request for discovery in district court on July 25, 1989. Prudential did not respond by August 11, 1989, but this is barely evidence of foot-dragging, let alone bad faith. On August 11, the Corpmans made their first formal request for discovery in district court, however, on the same day the district court ordered a stay of all proceedings in district court. Where an action has been stayed pending arbitration, a district court may not permit the parties to conduct discovery under the Federal Rules of Civil Procedure. As the Court of Appeals for the Eleventh Circuit held in *Suarez–Valdez v. Shearson Lehman/American Express, Inc.*, 858 F.2d 648, 649 (11th Cir.1988):

> The district court erred in refusing to stay discovery. *An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules.* The stay entered for arbitration was correct. As to the provision requiring that the parties engage in—and submit to—discovery under the Federal Rules of Civil Procedure, the writ of mandamus is issued requiring that it be vacated.

*Suarez–Valdez*, 858 F.2d at 649 (emphasis added). Prudential was under no obligation to provide discovery in the district court after the stay was entered. Their failure to do so is no evidence of bad faith.

The Corpmans argue further that delays in the arbitration are evidence of Prudential's bad faith. But the Corpmans are in large measure responsible for the delay. Although the stay order issued on August 11, 1989, the Corpmans did not submit their claim to the NASD until September 27, 1989, six weeks later. The Corpmans ultimately requested discovery in the arbitra-

tion proceeding by letter dated October 16, 1989. The request was similar to the request made in district court. While it is true that Prudential had not responded to this request for over a month when the district court held its status conference, this alone is insufficient to justify the finding of the district court that Prudential was arbitrating in bad faith. In the circumstances of this case, if the Corpmans believed Prudential was proceeding in bad faith, they more appropriately should have applied to the arbitration tribunal for relief. The record, however, reveals no such application having been made, nor does it reflect that Prudential had been, or presently was, in violation of any directive or order of that tribunal. We have examined the Corpmans remaining arguments and find them also without merit.

Because the record contains no evidence of bad faith on the part of Prudential, we conclude that the district court abused its discretion in vacating the stay under section 3 of the Federal Arbitration Act. We will vacate the district court's order entered November 27, 1989 and remand to the district court to reinstate its August 11, 1989 stay order.