

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2002

# Klepper v. SLI Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2848

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Klepper v. SLI Inc" (2002). *2002 Decisions.* Paper 308.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/308

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2848

_____


EDWARD M. KLEPPER;
MEDIATOR


v.


SLI, INC. f/k/a Chicago Miniature Lamp, Inc.;
CHICAGO MINIATURE LAMP, INC.;
CHICAGO MINIATURE LAMP, INC. 1995 INCENTIVE
AND NON-STATUTORY STOCK OPTION PLAN;
CHICAGO MINIATURE LAMP, INC. INCENTIVE
AND NON-STATUTORY STOCK OPTION GRANT;
FRANK M. WARD, President of SLI, Inc.
f/k/a Chicago Miniature Lamp Co., Inc.

SLI, Inc.; Chicago Miniature Lamp, Inc.;
Chicago Miniature Lamp, Inc. 1995 Incentive
and Non-Statutory Stock Option Plan;
Chicago Miniature Lamp, Inc. Incentive and
Non-Statutory Stock Option Grant;
Frank M. Ward,
                    Appellants


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 99-cv-02256
(Honorable Yvette Kane)
_____



Argued April 23, 2002

Before:  SCIRICA, RENDELL and NOONAN*, Circuit Judges

(Filed: May 28, 2002)


MICHAEL A. PAVLICK, ESQUIRE (ARGUED)
Kirkpatrick & Lockhart
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222

Attorney for Appellants


FRANK P. CLARK, ESQUIRE (ARGUED)
3045 Market Street, 2nd Floor

Camp Hill, Pennsylvania 17011

Attorney for Appellee

_____

OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

Defendant appeals a discovery order on the ground that it was the equivalent of a refusal to enforce an arbitration clause in violation of the Federal Arbitration Act.

*The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Judicial Circuit, sitting by designation.

## I.

Our review over legal issues is plenary.  Sandvik v. Advent Int'l Corp., 220 F.3d 99, 102 (3d Cir. 2000).

## II.

Before considering the merits of defendant's appeal, we must determine whether we have appellate jurisdiction.  Section 16 of the Federal Arbitration Act  provides that an appeal may be taken from an order refusing to stay an action pending arbitration pursuant to FAA 9 U.S.C.  3.  See 9 U.S.C.  16(a)(1)(A); Smith v. Equitable, 209 F.3d 268, 272 (3d Cir. 2000) ("Section 16(b) makes [it] clear that with respect to an interlocutory order issued in an ongoing proceeding, any order favoring litigation over arbitration is immediately appealable . . . ."); Corpman v. Prudential-Bache Securities, Inc., 907 F.2d 29, 30 (3d Cir. 1990) (per curiam) (stating that when a district court's order "is in essence an order refusing to stay [litigation] under section 3 of the Federal Arbitration Act," we have jurisdiction to hear an appeal under FAA 9 U.S.C.  16).

Here, plaintiff Edward Klepper seeks to exercise stock options under a stock option incentive plan administered by his former employer SLI, Inc.  The SLI stock option incentive plan contains an arbitration clause providing that "[a]ny dispute or disagreement which shall arise under or as the result of this Option Grant shall be settled by an arbitrator."  Rather than submit his stock option claim to arbitration, plaintiff brought this suit for breach of contract and violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S.  260.1.

Defendant has requested a ruling on the arbitrability of the stock option claim.  On June 22, 2001, the District Court issued an order requiring the parties to complete discovery "on all pending issues, including the stock option issue."  In so doing, it appears the district judge may have permitted the litigation to proceed without a prior ruling on the arbitrability issue.  Or she may have simply wanted the parties to develop a record on the arbitrability of the stock option claims.  Cf. Suarez-Valdez v. Shearson Lehman, Inc., 858 F.2d 648, 649 (11th Cir. 1988) (Tjoflat, J., concurring) ("The district court erred in refusing to stay discovery.  An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules [like the Fed. R. Civ. P.] . . . ."), quoted in Corpman, 907 F.2d at 31.  We are not certain, but to move this matter along, we hold the District Court's Order "in essence" constituted a declination to stay litigation pending arbitration under FAA 9 U.S.C.  3.  Therefore  we have jurisdiction to hear defendant's appeal from the Order of June 22, 2001.

## III.

The Federal Arbitration Act "federalizes arbitration law" and "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate . . . ."  John Hancock Mutual Life Ins. v. Olick, 151 F.3d 132, 136 (3d Cir. 1998).   See also Seus v. Nuveen & Co., 146 F.3d 175, 178 (3d Cir. 1998) (asserting the FAA was enacted to make agreements to arbitrate enforceable to the same extent as other contracts); Sharon Steel Corp. v. Jewell Coal, 735 F.2d 775,778 (3d Cir. 1984) (stating

the FAA reflects "a legislative determination of the desirability of arbitration as an alternative to litigation . . . ."). Accordingly, FAA  3 provides that "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C.  3. Thus requiring the parties to submit to full discovery under the Federal Rules of Civil Procedure may unnecessarily subject them "to the very complexities, inconveniences and expenses of litigation that they determined to avoid." Suarez, 858 F.2d at 649 (Tjoflat, J., concurring).

IV.

For these reasons, we will vacate the District Court's discovery order of June 22, 2001 and remand for examination of the scope and applicability of the stock option plan's arbitration clause in accordance with Blair v. Scott, 283 F.3d 595, 604 (3d Cir. 2002) (examining the enforceability of an arbitration agreement under basic contract principles) and Hancock, 151 F.3d at 137 (describing "the threshold questions a district court must answer before compelling or enjoining arbitration . . . ."). Of course, to the extent discovery is appropriate on the arbitrability issue, we leave that to the sound discretion of the able District Judge.

TO THE CLERK:

      Please file the foregoing opinion.


Circuit Judge

DATED:                    UNITED STATES COURT OF APPEALS
                    FOR THE THIRD CIRCUIT

_____

No. 01-2848
_____


EDWARD M. KLEPPER;
MEDIATOR

v.

SLI, INC. f/k/a Chicago Miniature Lamp, Inc.;
CHICAGO MINIATURE LAMP, INC.;
CHICAGO MINIATURE LAMP, INC. 1995 INCENTIVE
AND NON-STATUTORY STOCK OPTION PLAN;
CHICAGO MINIATURE LAMP, INC. INCENTIVE
AND NON-STATUTORY STOCK OPTION GRANT;
FRANK M. WARD, President of SLI, Inc.
f/k/a Chicago Miniature Lamp Co., Inc.

                    SLI, Inc.; Chicago Miniature Lamp, Inc.;
                    Chicago Miniature Lamp, Inc. 1995 Incentive
                    and Non-Statutory Stock Option Plan;
                    Chicago Miniature Lamp, Inc. Incentive and
                    Non-Statutory Stock Option Grant;
                    Frank M. Ward,
                          Appellants

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 99-cv-02256
(Honorable Yvette Kane)

_____

Argued April 23, 2002

Before:  SCIRICA, RENDELL and NOONAN*, Circuit Judges

JUDGMENT


        This cause came to be heard on the record from the United States District
Court for the Middle District of Pennsylvania and was argued by counsel on April 23,
2002.  On consideration whereof, it is now hereby
        ORDERED and ADJUDGED by this Court that the judgment of the
District Court entered June 22, 2001, be, and the same is hereby vacated and the case
remanded for proceedings consistent with this opinion.  No costs taxed.  All of the above
in accordance with the opinion of this Court.

                                ATTEST:




                                Clerk

DATED: 28 May 2002




     *The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth
Judicial Circuit, sitting by designation.                        May 23, 2002




TO:       Marcia M. Waldron, Clerk

FROM:     Judge Scirica

RE:       Klepper v. SLI, Inc., et al.
          No. 01-2848
          Argued:  April 23, 2002




Dear Marcy:

        Please file the attached not precedential opinion which has been cleared in
accordance with our procedure.  The signed original is being delivered to your office.

                                Sincerely,

Anthony J. Scirica

AJS/sss

cc (letter only):   Judge Rendell
            Judge Noona