[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10077
Non-Argument Calendar

_____

D. C. Docket No. 08-00243-CV-1-MMP-AK

FRANK C. JOHNSON, JR.,
RUTH B. JOHNSON,

Plaintiffs-Appellants,

versus

TOBY S. MONACO, Honorable Circuit Judge of
the Eighth Judicial Circuit Individually,
STAN R. MORRIS, Honorable Circuit Judge of
the Eighth Judicial Circuit Individually,
FREDERICK D. SMITH, Honorable Chief Judge of
the Eighth Judicial Circuit Individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 23, 2009)

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Frank Johnson, Jr. and his wife, Ruth B. Johnson, appeal pro se the district court's dismissal of their federal civil rights claims against Judge Toby S. Monaco, Judge Stan R. Morris, and Judge Frederick D. Smith of the Florida Eighth Judicial Circuit. The district court dismissed their claims as frivolous and as barred by absolute judicial immunity. The Johnsons also appeal the denial of their motions to recuse Senior District Judge Maurice M. Paul and Magistrate Judge Allan Kornblum. The district court denied these motions based on the absence of any evidence of bias. The Johnsons now seek a writ of mandamus or prohibition because they assert they have no other avenue to obtain justice. After thorough review, we AFFIRM.

## I. BACKGROUND

The Johnsons filed a five-count civil complaint under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 against Judge Monaco, Judge Morris, and Judge Smith. The complaint alleged, inter alia, that the judges conspired to deprive the Johnsons of due process of law and to steal their property. The Johnsons based their allegations on various rulings and orders entered by the judges in an underlying state court case involving the Johnsons.

2

The Johnsons also filed two motions to recuse Judge Paul and Judge Kornblum from presiding over their case, alleging that the judges were partial and violated their civil rights. The district court denied both motions after finding no facts to support a claim of partiality.

In December 2008, Magistrate Judge Kornblum recommended that Johnson's civil rights complaint be dismissed as frivolous and as barred by absolute judicial immunity because the challenged conduct pertained to actions taken by Judge Monaco in his role as a judge. District Judge Paul adopted the magistrate judge's report and recommendation, and dismissed the Johnson's complaint with prejudice. The district court also ordered Johnson to be listed as an abusive filer in the court's records.

This appeal followed.

## II. DISCUSSION

A. Dismissal of the Complaint

The Johnsons contend that the district court erred in dismissing the complaint under "[Federal Rule of Civil Procedure] 4(A)(2)" because the defendants were purportedly never served with the complaint after the Johnsons were permitted to proceed in forma pauperis. Brief of Appellants at 22. Additionally, the Johnsons assert that the district court ran afoul of the United

3

States Supreme Court's decision in <u>Exxon Mobil Corp. v. Saudi Basic Indus.</u>, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005), in which the Court held that the <u>Rooker-Feldman</u> doctrine[1] only precluded federal court review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced . . . ."

We find both of these arguments puzzling given that the district court's dismissal of the complaint did not hinge on Rule 4[2] or on the <u>Rooker-Feldman</u> doctrine. In any event, we need not resolve these issues because a separate basis for affirming the district court's judgment exists. See <u>Lucas v. W.W. Grainger, Inc.</u>, 257 F.3d 1249, 1256 (11th Cir. 2001) (noting that we may affirm a district court's judgment "'on any ground that finds support in the record'"). Specifically, the district court dismissed the complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and as barred by absolute judicial immunity. The Johnsons did not argue in their initial brief that there was any error in the district court's dismissal based on its finding of frivolousness or absolute judicial immunity. They have therefore abandoned these issues. See <u>Timson v. Sampson</u>, 518 F.3d 870,

---

[1] This doctrine stems from the decisions of <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S. Ct. 149 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303 (1983). See <u>Exxon Mobil</u>, 544 U.S. at 283-84, 125 S. Ct. at 1521.

[2] We also note that Rule 4 does not contain a provision identified by the Johnsons as "Fed R. Civ P 4(A)(2)." See Fed. R. Civ. P. 4.

4

874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by pro se litigants liberally, . . . issues not briefed on appeal by a pro se litigant are deemed abandoned . . . ."). Because there are separate grounds for the district court's dismissal of the complaint that are supported by the record and not challenged in this appeal, we affirm the district court's dismissal of the Johnson's complaint.

B. Motions to Recuse

The Johnsons also appeal the denial of their motions to recuse Judge Paul and Judge Kornblum. The Johnsons assert that they cannot receive a fair hearing or trial in this case because both judges have been personally biased against them for over ten years.

We review a district court judge's decision not to recuse himself for abuse of discretion. See United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam). Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455. Under the former, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party." 28 U.S.C. § 144. Pursuant to § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. § 455(a). Under either statute, the bias must be personal and

5

"stem from an extra-judicial source . . . ." In re Corrugated Container Antitrust Litig., 614 F.2d 958, 964-65 (5th Cir. 1980) (quotation marks and citation omitted). Consequently, adverse rulings alone, either in the same or a related case, are insufficient to demonstrate a court's impartiality absent a showing of pervasive bias. See Berger, 375 F.3d at 1227; Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam).

The Johnsons pepper their motions to recuse with conclusory allegations of personal bias but point to no facts in the record to substantiate these allegations. The only specific incidents cited in their affidavits pertain to rulings by the district court – one denying the first motion to recuse and another regarding the Johnsons' amended complaint filed in a different case. The Johnsons' disagreement with the court's rulings, however, provides an inadequate basis for recusal. See Berger, 375 F.3d at 1227; Bolin, 225 F.3d at 1239. Accordingly, we find no abuse of discretion in the denial of their motions to recuse.

C. Writ of Mandamus or Prohibition

The Johnsons did not file a petition for a writ of mandamus or prohibition. Nevertheless, they contend such writs are necessary against Judge Paul and Judge Kornblum to ensure due process and their ability to seek justice.

Mandamus and prohibition against judges are "drastic and extraordinary

6

remedies" that should be "reserved for really extraordinary causes." In re Evergreen Sec., Ltd., 570 F.3d 1257, 1277 n.21 (11th Cir. 2009) (quotation marks and citation omitted). The writs do not constitute a substitute for an appeal and should only be used "where appeal is a clearly inadequate remedy." Id. (quotation marks and citation omitted). In rare cases, we have construed an appeal as a writ of mandamus. See, e.g., Suarez-Valdez v. Shearson Lehman/American Express, Inc., 858 F.2d 648, 649 (11th Cir. 1988) (per curiam) (noting that we need not decide whether we may entertain the appeal under 28 U.S.C. § 1291 because the appeal presented an extraordinary situation that could be treated as a petition for a writ of mandamus).

This case presents no extraordinary circumstances warranting the issuance of a writ of mandamus or prohibition. The Johnsons have an adequate remedy, which they have exercised by filing this appeal. We therefore decline to treat their appeal as a petition for a writ of mandamus or prohibition.

### III.  CONCLUSION

For the reasons discussed, we AFFIRM the district court's dismissal of the Johnsons' complaint as well as the denial of the Johnsons' motions to recuse.

**AFFIRMED.**

7