NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3108
_____

SARAH CAR CARE, INC.

v.

LOGISTICARE SOLUTIONS, LLC;
MODIVCARE SOLUTIONS, LLC,
f/k/a LogistiCare and/or LogistiCare Solutions, LLC,

Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-21-cv-01761)
District Judge: Honorable John M. Younge
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 15, 2023

Before: PORTER, FREEMAN and FISHER, *Circuit Judges*.

(Filed: August 22, 2023)
_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

LogistiCare Solutions, LLC and ModivCare Solutions, LLC (collectively, ModivCare) appeal the District Court's order denying their motion for a protective order to stay discovery on the ground that the order effectively denied their still pending motion to compel arbitration.

ModivCare is a broker of transportation services. To support its bid on a request for proposal issued by the Pennsylvania Department of Health and Human Services, ModivCare signed a letter of intent with Sarah Car Care. The letter stated ModivCare would utilize Sarah Car Care for non-emergency medical transportation services if its bid won. The Department ultimately awarded ModivCare the contract, after which ModivCare entered into a transportation services agreement with Sarah Car Care. As relevant here, the agreement included a mandatory arbitration provision.

Several years later, Sarah Car Care sued ModivCare in state court, alleging claims for breach of contract as to the letter of intent and transportation services agreement, promissory estoppel, unjust enrichment, and violations of federal law. In April 2021, ModivCare removed the case to federal court and promptly moved to dismiss or stay and compel arbitration based on the arbitration clause in the transportation services agreement. Rather than ruling on the motion, the District Court issued a Rule 16 order directing the parties to "make the required initial disclosures," "commence" and "conduct[] substantial discovery," and "complete" a discovery plan all before a pretrial

2

conference set for October 2021.[1] ModivCare unsuccessfully sought an adjournment of discovery obligations and the pretrial conference while its motion to compel arbitration remained pending. Additionally, eleven days before the pretrial conference, ModivCare moved for a protective order "staying all discovery pending resolution" of its motion to compel arbitration.[2] The pretrial conference took place as scheduled on October 19, 2021. Thereafter, the District Court declined to enter a protective order, set deadlines for completion of discovery, and scheduled the final pretrial conference. ModivCare appeals.[3] The District Court's proceedings are stayed.[4]

We generally only have jurisdiction over "final decisions of the district courts."[5] However, under the Federal Arbitration Act, a party may immediately appeal an order "refusing a stay of any action"[6] involving "any issue referable to arbitration under an agreement in writing for such arbitration."[7] This includes orders denying motions to

---

[1] Supp. App. 216; *see also* Fed. R. Civ. P. 16, 26(a)(1), (f).

[2] App. 143; *see also* Fed. R. Civ. P. 26(c).

[3] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. The parties dispute our jurisdiction, but "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). We exercise de novo review over this determination. *Doe v. Coll. of N.J.*, 997 F.3d 489, 493 n.3 (3d Cir. 2021).

[4] *See Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1921 (2023) (district courts cannot "move forward with pre-trial and trial proceedings while the appeal on arbitrability [is] ongoing").

[5] 28 U.S.C. § 1291.

[6] 9 U.S.C. § 16(a)(1)(A).

[7] *Id.* § 3.

3

compel arbitration,[8] as well as "orders that have the effect of declining to compel arbitration."[9] ModivCare's appeal relies on the latter part of that rule, arguing that we have jurisdiction to review the District Court's judgment because the Court effectively denied its motion to compel arbitration by declining to stay discovery.

We agree on the jurisdictional point. The District Court's order broadly contemplates "[a]ll fact discovery . . . be[ing] completed" in federal court as opposed to arbitration.[10] So the District Court's order denying a protective order effectively denies ModivCare's pending motion to compel arbitration because the Court is allowing the litigation to proceed in full, without first deciding whether Sarah Car Care's claims must be arbitrated.[11]

That ModivCare's motion for a protective order was brought pursuant to Rule 26(c)—a discovery rule—rather than § 3 of the FAA—concerning motions to stay proceedings involving arbitrable issues—does not change our conclusion. Courts have recognized appellate jurisdiction over motions that do not explicitly invoke § 3 of the FAA when a movant seeks the relief provided by the statute—namely, enforcement of an

---

[8] *Coinbase*, 143 S. Ct. at 1919.

[9] *Henry ex rel. BSC Ventures Holdings, Inc. Emp. Stock Ownership Plan v. Wilmington Tr.*, 72 F.4th 499, 505 (3d Cir. 2023) (citation omitted).

[10] App. 4.

[11] *See Corpman v. Prudential-Bache Secs., Inc.*, 907 F.2d 29, 30 (3d Cir. 1990) (per curiam) (concluding jurisdiction existed over a district court's order vacating a stay of trial proceedings and reinstating a trial calendar because the vacatur "is in essence an order refusing to stay an action under section 3 of the [FAA]").

arbitration agreement.[12] As in those cases, ModivCare's motion for a protective order invoked the arbitration agreement between the parties and sought relief narrowly tailored to ModivCare's right to arbitrate under § 3 of the FAA: a decision on its motion to compel and, in the meantime, relief from full discovery in federal court.

We are not persuaded by Sarah Car Care's argument that ModivCare's appeal is untimely. Sarah Car Care claims that if we assume an order to commence discovery effectively denied ModivCare's motion to compel, ModivCare should have appealed the Rule 16 order calling for initial disclosures, a discovery plan, and substantial discovery. But the denial of the protective order—refusing to stay discovery—closed off any possibility that the motion to compel arbitration would be decided. The Rule 16 order did not have the same effect: ModivCare requested clarification about its discovery obligations and requested an adjournment of the Rule 16 conference.

We conclude that the combined effect of denying ModivCare's motion for a protective order to stay discovery and deferring indefinitely ModivCare's motion to

---

[12] *See Wilmington Tr.*, 72 F.4th at 505 (holding motion to dismiss immediately appealable even though it did not invoke § 3 of the FAA because it was "substantively an order denying a motion to compel"); *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1292 (10th Cir. 2015) (holding motion to lift stay immediately appealable even though movant did not do so pursuant to § 3); *see also Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 597 (3d Cir. 2020) (examining jurisdiction over a district court order by looking to the "caption and relief requested in the underlying motion" and the "label and the operative terms of the district court's order" (citation omitted)).

compel arbitration resulted in the latter being effectively denied. Thus, the denial of the protective order is immediately appealable under the FAA.

Even so, it is entirely premature for our Court to pass on the validity of refusing to compel Sarah Car Care to arbitrate its claims pursuant to the transportation services agreement. ModivCare's actual motion to compel remains pending and without further clarification, the scope and applicability of the District Court's order effectively denying ModivCare's motion to compel is unclear. Requiring the parties to undergo full discovery without a clear decision regarding the motion to compel may erase the "benefits of arbitration" such as "efficiency, less expense, less intrusive discovery, and the like"[13] that ModivCare claims the parties contracted for. Although the District Court effectively denied the motion to compel arbitration, we will provide it the opportunity to fully address the motion in the first instance.

Therefore, to ensure effective review and allow the District Court to provide reasoned analysis, we will vacate the District Court's denial of a protective order and remand with instructions that the District Court decide ModivCare's pending motion to compel. The Court may engage in limited discovery, to the extent it is necessary, on the arbitrability issue.

---

[13] *Coinbase*, 143 S. Ct. at 1921.