**ENVIREX, INC., Plaintiff,**

v.

**K.H. SCHUSSLER FUR UMWELTTECH-NIK GMBH, WDS–Engineering and Consulting Corporation, and Karl–Heinz Schussler, Defendants.**

Civ. A. No. 91–C–109.

United States District Court,
E.D. Wisconsin.

Oct. 7, 1993.

Michael E. Husmann, Dyann Bumpke, Michael Best & Friedrich, Milwaukee, WI, for plaintiff.

Thomas W. Ehrmann, Quarles & Brady, Milwaukee, WI, for defendants.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

The defendants, K.H. Schussler Fur Umwelttechnik GMBH, WDS–Engineering and Consulting Corporation ("WDS"), and Karl–Heinz Schussler ("Schussler") have moved this court for a stay pending arbitration of the claims brought against them by plaintiff Envirex, Inc. ("Envirex"). For the reasons explained in this decision, the court will grant the motion and stay the proceedings pending arbitration.

### FACTS

In 1991, Envirex filed a complaint claiming indemnity relating to its defense and settlement of a patent infringement and false advertising case brought against it in Texas. Envirex manufactures and sells waste water treatment equipment.

In November 1986, Envirex signed a licensing agreement through which it obtained the right to manufacture, use, and sell WDS's diffusers—aeration devices used for waste water treatment—in the United States and other specified territories. (License Agreement, Exh. A to Defs' July 21, 1993 Brief). The license agreement states that it is by and between Envirex and Mr. Schussler acting on behalf of WDS. Envirex alleges that defendants Schussler and K.H. Schussler Fur Umwelttechnik GmbH are parties to the agreement as well. (Second Amended Complaint ¶¶ 3, 9.)

Under the license agreement, Envirex ordered these diffusers and related membranes and resold them in the United States. In June of 1990, Envirotech Corporation and Norbert Schneider sued Envirex in the United States District Court for the Northern District of Texas, alleging that the diffusers sold by Envirex infringed Schneider's patents. Envirex was also accused of false advertising in the action. (Second Amended Complaint ¶ 14.) In December of 1990, Envirex demanded that the defendants in the present action defend and indemnify Envirex

in the Texas litigation. (Second Amended Complaint ¶ 15.) After the defendants refused the demand, Envirex filed its original complaint against them in this court on June 31, 1991. The original complaint alleged: (1) that WDS had breached its alleged contractual duty to defend and indemnify Envirex; (2) that defendants had fraudulently induced Envirex to enter into the license agreement to its detriment by intentionally and knowingly concealing material facts rendering defendants' statements false and misleading; and (3) defendants' fraudulent representations induced Envirex to commit the acts giving rise to the Texas litigation and that defendants had a duty to indemnify Envirex for all costs, expenses, and damages arising therefrom. Envirex requested that the court order the defendants to indemnify it for the Texas action and award costs, expenses, damages, and attorney's fees arising therefrom, and award costs and attorney's fees in this action and such other and further relief as the court deems just and equitable.

This court has twice rescheduled the proceedings before it at the request of both parties while the parties to the Texas case found their way toward settlement. In March of this year, Envirex settled the Texas case and now seeks over $1 million from the defendants. This court yet again rescheduled the proceedings before it and set the trial for January of 1994. Most recently, the parties have moved jointly to extend the discovery deadline and the due date for dispositive motions to December 15th, potentially requiring further adjournment of the trial date.

On June 9, 1993, pursuant to a stipulation between the parties, Envirex filed an amended complaint with this court. The amended complaint does not add any additional counts, but does state an additional basis for the fraudulent inducement claim—that defendants "failed to exercise ordinary care in making the misrepresentations complained of and in concealing material facts from Envirex under circumstances in which defendants had a duty of due care to Envirex," along with new facts supporting the allegation. The amended complaint also included a prayer for relief that it had not originally request-ed—a declaration that the license agreement is void and rescinded and an award to Envirex of all monies paid to defendants thereunder for past royalties. On July 16, 1993, Envirex filed a second amended complaint. This time, the parties did *not* stipulate for leave to amend, and this time, the amendment included a new count. Envirex alleges that defendants breached their warranty of title and against infringements in violation of Wis.Stat. § 402.312(3).

Instead of answering these amended complaints, the defendants have, for the first time, moved to stay the proceedings in favor of arbitration in accordance with the license agreement. Envirex objects to such a stay of any of the proceedings, arguing that the defendants have waived their arbitration rights, and, in the alternative, that two of the four counts are not arbitrable.

## ANALYSIS

Under Section 3 of Title 9 of the United States Code, this court must stay the proceedings of an action pending arbitration upon application of one of the parties if the issue involved in the proceeding is referable to arbitration under an agreement in writing, provided that the applicant for the stay has not defaulted in proceeding with such arbitration. Therefore, the threshold question is whether or not the defendants have defaulted by waiving any rights they may have to arbitration. The federal courts have developed a strong presumption in favor of arbitration and do not lightly infer waiver. *Midwest Window Systems, Inc. v. Amcor Indus., Inc.,* 630 F.2d 535, 536 (7th Cir.1980). Thus, the party objecting to a stay pending arbitration bears a heavy burden of showing that the applicant for stay has waived its right to arbitration by acting in a manner inconsistent with the arbitration right. *Morrie Mages & Shirlee Mages Found. v. Thrifty Corp.,* 916 F.2d 402, 405 (7th Cir.1990).

Active participation in a lawsuit and failure to request arbitration in a timely manner, evincing an acquiescence to proceeding in a judicial rather than arbitration forum, support a finding of waiver and therefore a denial of a request for a stay pending arbitration. *See Id.* Envirex argues that

the defendants have exhibited such behavior by answering the original complaint, counterclaiming, participating in discovery, moving jointly for rescheduling orders, and waiting two years to bring this motion.

However, there have been no proceedings in this court aside from scheduling conferences. The parties have not filed any motions going to the merits of this claim, and until the Texas case was finished, *neither* party showed a desire to proceed in this court. Furthermore, the plaintiff has filed an amended complaint alleging a new basis for its fraud count, and then a second amended complaint alleging a new breach of warranty count. The defendants promptly responded to the second amended complaint with this motion. Even if defendants had defaulted on arbitration before these amendments and the time when the litigation in this court really began to heat up, the new allegations in the amended complaints rejuvenate their right to demand arbitration. *See Dickinson v. Heinold Sec., Inc.,* 661 F.2d 638, 641–42 (7th Cir.1981) (addition of arbitrable claims to potentially non-arbitrable claim revives right to arbitration as to all arbitrable claims despite delay and discovery); *cf. Gilmore v. Shearson/American Express, Inc.,* 811 F.2d 108, 113–14 (2d Cir.1987) (if only minor factual change, not altering the scope or theory of the plaintiff's claim, no revival of arbitration right). The plaintiff has made major, not merely cosmetic, changes to its original complaint, altering and adding to the issues to be determined at trial.

▬ In deciding whether a party has waived its arbitration rights, the court also considers whether or not the objecting party has suffered prejudice as a result of the acts purportedly constituting waiver of arbitration. *Mages,* 916 F.2d at 405. A finding of prejudice is not essential to a finding of waiver in the Seventh Circuit. *St. Mary's*

*Medical Ctr. v. Disco Aluminum Prods.,* 969 F.2d 585, 586 (7th Cir.1992) (no clear error to find waiver of arbitration right even if no prejudice to objecting party).[1] Nevertheless, it is an important consideration. This court finds that Envirex has suffered little, if any, prejudice from defendant's actions. Arbitration would almost certainly not have occurred prior to the resolution of the Texas case even if the defendants had chosen that option from the beginning. In addition, both parties— not just the defendants—requested the many extensions granted due to the proceedings in Texas. It is Envirex which added new counts and requests for relief, changing the focus of the arguments to be presented to a jury. The defendants responded with this motion only 5 days after the second amended complaint was filed. With regard to the amount of discovery taken, information already discovered in preparation for trial would seemingly have value in arbitration. Further, the parties have requested yet another discovery deadline extension (to December 15) indicating that discovery has not neared completion. Complicating the matter somewhat for the defendants is the fact that they stipulated to permit Envirex to submit the first amended complaint and also to file an answer and counterclaim.[2] The stipulation to the first amended complaint may be logically inconsistent with the arbitration right. *Cf. Gilmore,* 811 F.2d at 113 (only considering alterations not stipulated to when determining the question of waiver). However, the defendants' prompt motion for arbitration after the addition of a claim for breach of warranty, the lack of prejudice to the plaintiffs due to the stagnant nature of the proceedings, and the federal policy favoring arbitration, all direct this court to a finding that the defendants have not waived any right to arbitration.

1. Some circuits require a finding of prejudice in order to refuse a stay. *E.g., Rush v. Oppenheimer & Co.,* 779 F.2d 885 (2d Cir.1985) (finding of prejudice to objecting party necessary to find waiver of arbitration right).

2. The defendants never filed their answer and counterclaim to the first amended complaint, although the parties had stipulated to an extension to so file. Envirex filed a second amended complaint (without the agreement of the defendants), and the defendants followed with the motion presently before this court. The fact that the defendants planned to file counterclaims may actually help as much as hurt their motion for a stay, given that the need for counterclaims probably indicates a major alteration or addition to the original complaint.

If a party has not waived its right to arbitration, then this court has no discretion to refuse a request for a stay and must direct the parties to proceed to arbitration on all issues covered by the arbitration agreement. *See* 9 U.S.C. §§ 3, 4; *Mages,* 916 F.2d at 406. The plaintiff has argued that Counts I and IV are not referable to arbitration under the agreement and that litigation on at least these issues should proceed. The objecting party shoulders a heavy burden of proving to this court "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of America v. Warrior and Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960); *Mages,* 916 F.2d at 406. Thus, the courts should refer all issues not clearly outside the scope of the agreement to an arbiter to determine whether or not they are indeed arbitrable. *See Id.*

The license agreement in this case calls for arbitration of disputes "with respect to [the] Agreement, or the application or construction of provisions [t]hereof, or to rights or licenses or privileges granted [t]hereunder." (Def. Exh. A at 10.) An arbitrator could certainly find that this broad arbitration clause covers the breach of contract and breach of warranty claims because the purchase orders upon which Envirex bases those claims emanate from the license agreement.

**IT IS THEREFORE ORDERED** that the defendants' motion for a stay pending arbitration is GRANTED, and the parties shall proceed to arbitration.

**IT IS FURTHER ORDERED** that, because there is no reason at this time to maintain this file in active status, this case is STAYED, and the Clerk of Court is instructed to submit a form JS–6 to the Administrative Office, thereby closing this case for statistical purposes.

**IT IS FURTHER ORDERED** that nothing in this order shall be considered a dismissal or disposition of this matter on the merits, and either party may reopen this case by bringing an appropriate motion before this court.