**Edward M. KLEPPER;  Mediator,**

v.

**SLI, INC. f/k/a Chicago Miniature Lamp, Inc.; Chicago Miniature Lamp, Inc.; Chicago Miniature Lamp, Inc. 1995 Incentive and Non–Statutory**

Stock Option Plan; Chicago Miniature Lamp, Inc. Incentive and Non–Statutory Stock Option Grant; Frank M. Ward, President of SLI, Inc. f/k/a Chicago Miniature Lamp Co., Inc. SLI, Inc.; Chicago Miniature Lamp, Inc.; Chicago Miniature Lamp, Inc. 1995 Incentive and Non–Statutory Stock Option Plan; Chicago Miniature Lamp, Inc. Incentive and Non–Statutory Stock Option Grant; Frank M. Ward, Appellants.

No. 01–2848.

United States Court of Appeals, Third Circuit.

Argued April 23, 2002.

Decided May 28, 2002.

Michael A. Pavlick (Argued), Kirkpatrick & Lockhart, Pittsburgh, Pennsylvania, for Appellants.

Frank P. Clark (Argued), Camp Hill, Pennsylvania, for Appellee.

Before SCIRICA, RENDELL, and NOONAN,* Circuit Judges.

OPINION OF THE COURT

SCIRICA, Circuit Judge.

Defendant appeals a discovery order on the ground that it was the equivalent of a refusal to enforce an arbitration clause in violation of the Federal Arbitration Act.

I.

Our review over legal issues is plenary. *Sandvik v. Advent Int'l Corp.*, 220 F.3d 99, 102 (3d Cir.2000).

---

* The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Judicial Circuit, sitting by designation.

## II.

■ Before considering the merits of defendant's appeal, we must determine whether we have appellate jurisdiction. Section 16 of the Federal Arbitration Act provides that an appeal may be taken from an order refusing to stay an action pending arbitration pursuant to FAA 9 U.S.C. § 3.[1] *See* 9 U.S.C. § 16(a)(1)(A); *Smith v. Equitable,* 209 F.3d 268, 272 (3d Cir.2000) ("Section 16(b) makes [it] clear that with respect to an interlocutory order issued in an ongoing proceeding, any order favoring litigation over arbitration is immediately appealable...."); *Corpman v. Prudential–Bache Securities, Inc.,* 907 F.2d 29, 30 (3d Cir.1990) (per curiam) (stating that when a district court's order "is in essence an order refusing to stay [litigation] under section 3 of the Federal Arbitration Act," we have jurisdiction to hear an appeal under FAA 9 U.S.C. § 16).

Here, plaintiff Edward Klepper seeks to exercise stock options under a stock option incentive plan administered by his former employer SLI, Inc. The SLI stock option incentive plan contains an arbitration clause providing that "[a]ny dispute or disagreement which shall arise under or as the result of this Option Grant shall be settled by an arbitrator." Rather than submit his stock option claim to arbitration, plaintiff brought this suit for breach of contract and violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1.[2]

Defendant has requested a ruling on the arbitrability of the stock option claim. On June 22, 2001, the District Court issued an order requiring the parties to complete discovery "on all pending issues, including the stock option issue." In so doing, it appears the district judge may have permitted the litigation to proceed without a prior ruling on the arbitrability issue. Or she may have simply wanted the parties to develop a record on the arbitrability of the stock option claims. *Cf. Suarez–Valdez v. Shearson Lehman/American Exp., Inc.,* 858 F.2d 648, 649 (11th Cir.1988) (Tjoflat, J., concurring) ("The district court erred in refusing to stay discovery. An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules [like the Fed. R. Civ. P.] ...."), *quoted in Corpman,* 907 F.2d at 31. We are not certain, but to move this matter along, we hold the District Court's Order "in essence" constituted a declination to stay litigation pending arbitration under FAA 9 U.S.C. § 3. Therefore we have jurisdiction to hear defendant's appeal from the Order of June 22, 2001.

## III.

■ The Federal Arbitration Act "federalizes arbitration law" and "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate...." *John Hancock Mutual Life Ins. v. Olick,* 151 F.3d 132, 136 (3d Cir.1998). *See also Seus v. Nuveen & Co.,* 146 F.3d 175, 178 (3d Cir.

---

1. F.A.A. 9 U.S.C. § 3 provides, "If any suit or proceeding be brought ... upon an issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit or proceeding is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement,

providing the applicant for the stay is not in default in proceeding with such arbitration."

2. Klepper's Complaint alleged four counts: a breach of contract claim (Count I), the state law WPCL claim (Count II), and two ERISA claims (Count III and IV). The two ERISA claims were dismissed and are not on appeal here.

1998) (asserting the FAA was enacted to make agreements to arbitrate enforceable to the same extent as other contracts); *Sharon Steel Corp. v. Jewell Coal,* 735 F.2d 775, 778 (3d Cir.1984) (stating the FAA reflects "a legislative determination of the desirability of arbitration as an alternative to litigation . . . ."). Accordingly, FAA § 3 provides that "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Thus requiring the parties to submit to full discovery under the Federal Rules of Civil Procedure may unnecessarily subject them "to the very complexities, inconveniences and expenses of litigation that they determined to avoid." *Suarez,* 858 F.2d at 649 (Tjoflat, J., concurring).

## IV.

For these reasons, we will vacate the District Court's discovery order of June 22, 2001 and remand for examination of the scope and applicability of the stock option plan's arbitration clause in accordance with *Blair v. Scott,* 283 F.3d 595, 604 (3d Cir.2002) (examining the enforceability of an arbitration agreement under basic contract principles) and *Hancock,* 151 F.3d at 137 (describing "the threshold questions a district court must answer before compelling or enjoining arbitration . . . ."). Of course, to the extent discovery is appropriate on the arbitrability issue, we leave that to the sound discretion of the able District Judge.